Brady, J.
This action was commenced for the purpose of compelling the payment of $1,666, with interest from the 13th of October, 1877, which the defendant promised to pay John P. O’Neill, deceased, for his interest in what was called the Mount Kisco farm. The case is here for the third time. Reports of the appeals may be found in 17 Weekly Digest, 431, and 37 Hun, 526; S. C., 8 N. Y. Civ. Pro., 127.
Some of the questions presented upon this appeal were considered and disposed of in the other adjudications to which reference has been made; and if a review of the whole case were necessary, some reference to these questions might become important.
Upon the trial now under consideration, a witness named Tobias was called on behalf of the plaintiff for the purpose of establishing the contract out of which the alleged indebtedness grew, and who testified that he was present at an interview between the deceased and the defendant, which resulted in the deceased’s offering to take for his interest in the Mount Kisco farm the sum already named, the acceptance of the offer, and a direction by the defendant to prepare a deed, which was accordingly done, and left with the witness by the deceased in escrow, to be delivered to the defendant upon the payment of the consideration named. By an agreement, winch was also stated by the same witness to have been subsequently made, a proceeding in foreclosure was commenced and completed in order to give to the defendant a more perfect title than it was supposed could have been granted by the deed from O’Neill, and it was understood in reference to this proceeding that no attempt should be made by O’Neill to bid in the property or exalt the price, and thus carry out the project that the defendant was have the property substantially at his own bid. The agreements were made at different times, but the second was to some extent predicated of the first, and was entered into, it may be said, substantially to make the first one effectual.
The defendant was called as a. witness, and, evidently for the purpose of contradicting Mr. Tobias, was asked this question: '
Q. Did you promise Mr. O’Neill in the presence of Mr. Tobias, at that time, that you would give him (O’Neil) $1,666 for his one-third interest ?
*66 Objected to on the ground that the question involves a. transaction with a deceased person. Objection sustained. Defendant excepts.
In the second appeal in this case it was distinctly held, that such a line of examination was proper, and one of which the defendant could not be deprived. The court-there said: “It was not the intention of the Code to prevent a party to a suit from testifying to any extrinsic fact-that tends to contradict a witness who swears to transactions or communications had between such party and a deceased person, even where he cannot directly testify that no such conversation or transaction was ever had. It was not the intention to prevent the contradiction of a living witness, but to prevent the living party to a transaction or communication from testifying to it himself, when death has closed the mouth of the other party.
It is true that immediately after the exclusion of this question another was asked, as follows :
Q. You have heard Mr. Tobias say that you had a conversation with Mr. O’Neill in Mr. Tobias’ presence about-agreeing to have this property foreclosed, and that you would give him (O’Neill) $1,666 ? Did you ever have a conversation with Mr. O’Neill as to that matter in the presence, of Mr. Tobias, and as to the payment of $1,666 in the presence of Mr. Tobias ?
Objected to as involving a transaction with a deceased, person. Objection overruled, and the defendant answered, “ I did not.”
But this was as to the second arrangement, it will have been perceived, by which the foreclosure was contemplated. It left in the case, however, uncontradicted, the statement-in reference to the original transaction which was a part of the second agreement, and in which a deed was prepared and delivered in escrow to Mr. Tobias, to be handed to the defendant when the consideration was paid.
It is impossible to say with any certainty of justice being done, that the answer to the second question deprived the statement of Mr. Tobias as to the original agreement of all its force, and therefore that it could not have prejudiced the defendant. It left a striking and impressive circumstance untouched, namely, that in consequence of that original understanding a deed had been drawn and left for delivery when the consideration, was paid. If, in other words, there was no agreement prior to that which related to the foreclosure, the preparation of the deed was an entirely voluntary performance on the part of O’Neill, and could have no vitality or strength as an independent fact in the case. This error is to be regretted, inasmuch as it necessitates another trial—an event, however, which is de *67 prived of its unfortunate results by the presence of other elements, which upon close consideration might be held to be objectionable.
Under well settled rules, however, the exclusion of the' evidence seems tobe an insuperable objection to the validity of the judgment appealed from.
The judgment should be reversed, and a new trial ordered with costs to appellant to abide event.
Van Brunt, Ch. J., and Daniels, J. concur